FILED IN CLERK'S OFFICE
U.S.D.C. Newnan

MAR 25 2025

KEVIN P. WEIMER, Clerk
By_____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

L. ROCHELLE BANKHEAD,
Plaintiff,

v.

ATHENAHEALTH, INC.,
Defendant.

Civil Action No. **3:25-cv-00003-TCB-RGV**

---

### AMENDED COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, TITLE VII, PREGNANCY DISCRIMINATION, RETALIATION, AND WRONGFUL TERMINATION

**INTRODUCTION**

**COMES NOW** Plaintiff, L. Rochelle Bankhead, brings this action pro se against Defendant, athenahealth, inc., for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act, and other federal employment protections. Plaintiff alleges failure to accommodate, retaliatory conduct, wrongful termination, and discrimination related to mental health, pregnancy, and postpartum status. Plaintiff files this Amended Complaint against Defendant athenahealth, inc. ("Defendant"), and shows the Court the following:

---

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to **28 U.S.C. § 1331**, as this action arises under federal laws, including:

   o **The Americans with Disabilities Act** (42 U.S.C. § 12101 et seq.)

   o **Title VII of the Civil Rights Act of 1964** (42 U.S.C. § 2000e et seq.)

   o **The Pregnancy Discrimination Act** (42 U.S.C. § 2000e(k))

2. Venue is proper under **28 U.S.C. § 1391**, as the events giving rise to these claims occurred in this judicial district, and Defendant conducts business in Georgia.

---

## II. PARTIES

3. **Plaintiff**, L. Rochelle Bankhead, is a resident of Coweta County, Georgia, and was employed by Defendant from April 2018 until March 2024.

4. **Defendant**, athenahealth, inc., is a corporation with its principal office located at 311 Arsenal Street, Watertown, Massachusetts 02472, and conducts business throughout the United States, including Georgia.

---

## III. FACTUAL BACKGROUND

5. Plaintiff was hired as a Senior Client Implementation Analyst in April 2018 and promoted to Customer Success Manager (CSM) in 2020. She consistently performed her duties effectively and received high Net Promoter Scores (NPS) from clients.

6. In 2022, Plaintiff was diagnosed with **PTSD** and **Major Depressive Disorder**, exacerbated by the **loss of twins in 2021, a difficult pregnancy in 2022–2023**, and **postpartum depression** following a **domestic violence incident**.

7. Plaintiff's provider, **Dr. Tiffany Pope**, submitted medical documentation requesting an ADA accommodation limiting Plaintiff's client workload to 20–30 accounts. Defendant agreed but failed to adhere to this, assigning Plaintiff **35 clients**, including **12 non-responsive "radio silent" accounts**.

8. Plaintiff's performance metrics were never adjusted to reflect her accommodation. Repeated internal complaints and suggestions—including assigning field representatives to unresponsive clients—were ignored.

9. Plaintiff reported misconduct by her former manager, **Shannon Gavrilles**, who failed to respond when Plaintiff was seriously ill with COVID-19. Gavrilles responded to a text message from Plaintiff by stating, "wrong number," and HR refused to hold her accountable.

10. Despite high client satisfaction and positive feedback, Plaintiff was **systematically denied internal job opportunities**, even those for which she was recruited by members of the hiring teams. Examples include:

• Roles referred by **Faith Deane and Megan Mallory**.

• Rejections occurred **within minutes of interviews**, often citing a "lack of training capacity"

11. After filing **EEOC Charge No. 523-2022-02640**, Plaintiff experienced **increased scrutiny**, was passed over for internal roles, and was ultimately **terminated in March 2024**, while an **ADA extension request was being discussed with provider, Dr. Pope**.

12. Plaintiff had no performance improvement plan, no active client complaints, and had received no written warnings before her termination.

---

**IV. CLAIMS FOR RELIEF**

---

**Count I – Failure to Accommodate (ADA, 42 U.S.C. § 12112(b)(5)(A))**

13. Plaintiff was a qualified individual with a disability as defined by the ADA.

14. Defendant failed to provide reasonable accommodation by assigning a caseload that exceeded the agreed limit and refusing to modify performance expectations.

15. This failure constitutes unlawful discrimination.

**Legal Support:** *EEOC v. Wal-Mart Stores East LP*, 992 F.3d 656 (7th Cir. 2021) Employer failed to adjust job expectations in line with an agreed ADA accommodation.

*Craddock v. FedEx*, 2017 WL 6062250 (N.D. Ga. 2017) Failure to engage in good-faith ADA interactive process led to employer liability.

---

**Count II – Retaliation (ADA and Title VII, 42 U.S.C. § 12203 & § 2000e-3)**

16. Plaintiff engaged in protected activities, including requesting accommodations and filing internal and external (EEOC) complaints.

17. Plaintiff was subjected to adverse actions, including job denials and termination.

18. There is a clear causal connection between the protected activity and Defendant's retaliatory conduct.

19. Plaintiff's efforts to obtain redress through the EEOC and the U.S. Department of Justice further contributed to the adverse treatment she received. On April 12, 2024, the EEOC confirmed that her ADA-related complaint was referred by the DOJ's Disability Rights Section for investigation (Exhibit 10).

**Legal Support:** *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) Established that retaliation includes any employer action that would dissuade a reasonable person from engaging in protected

activity. *Hamilton v. Westchester County*, 3 F.4th 86 (2d Cir. 2021) Retaliation found when adverse actions closely followed protected ADA activity.

---

**Count III – Discriminatory Failure to Promote / Internal Job Bias**

19. Plaintiff was actively recruited for internal roles but repeatedly denied the opportunity to advance without fair consideration.

20. Other less-qualified individuals were hired or promoted.

21. Defendant's conduct reflects a pattern of exclusion following Plaintiff's disclosure of her disability and EEOC filing.

**Legal Support:** *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562 (4th Cir. 2015) Employer denied promotion after mental health disclosures—ADA retaliation upheld.

---

**Count IV – Pregnancy & Postpartum Discrimination**

22. Plaintiff experienced discrimination related to her pregnancy, postpartum condition, and mental health.

23. Plaintiff was penalized during and after pregnancy, despite communicating her postpartum mental health struggles.

24. Defendant failed to provide necessary support and terminated Plaintiff while her ADA extension (related to postpartum PTSD) was pending.

**Legal Support:** *Young v. United Parcel Serv., Inc.*, 575 U.S. 206 (2015) Employers must treat pregnancy-related conditions the same as other medical conditions.

**Count V – Wrongful Termination**

24. Defendant terminated Plaintiff without legitimate cause and in violation of her statutory rights under the ADA, Title VII, and the PDA.

25. Plaintiff's termination was retaliatory, pretextual, and procedurally unjust.

26. Plaintiff filed a case in April 2024 with the U.S. Department of Justice (Justice Department) Civil Rights Division, Disability Rights Section: **inquiry DOJ #433513-RGJ.** Plaintiff was encouraged to file a EEOC complaint instead in April 2024: **EEOC Charge No. 410-2024-07141.**

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. **Compensatory damages** in the amount of **$750,000**, including lost wages, missed promotions, and emotional distress

2. **Punitive damages** of up to **$5,000,000** for willful and malicious retaliation

3. **Reinstatement** or **front pay**

4. **Attorneys' fees and costs** (if represented)

5. **Any additional relief** the Court deems just and proper

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

**Dated:** March 25, 2025

Respectfully submitted,

**L. Rochelle Bankhead**
65 Crescent Street
Newnan, Georgia 30265
(678) 789-8950
Pro Se Plaintiff